UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD CARDINAL,

        Plaintiff,

v.                                              Case No. 2:06-cv-232
                                                HON. GORDON J. QUIST

LINDA METRISH,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Gerald Cardinal filed this prisoner 42 U.S.C. § 1983 action against defendant Linda Metrish. Defendant Metrish is the Warden at Hiawatha Correctional Facility (HTF) and Kinross Correctional Facility (KCF). Plaintiff's First Amended Complaint alleges that he is suing defendant Metrish in her individual capacity for violations of the Eighth Amendment and in her official capacity under the Religious Land Use and Institutionalized Persons Act. Plaintiff was confined at the Hiawatha Correctional Facility and was a participant in the Kosher meal program at the facility. Plaintiff was involved in an incident on March 2, 2005, where plaintiff was issued several misconduct charges. As a result of the charges, plaintiff was placed in temporary segregation. HTF inmates can only be housed in temporary segregation for a maximum of eight hours. Plaintiff was temporarily placed in segregation at KCF pending the result of the misconduct charges. Plaintiff refused his meals at KCF, because they were not Kosher. KCF does not serve Kosher meals. MDOC policy requires staff to report to Health Services when an inmate refuses meals over a 72 hour period. On Saturday March 5, 2005, KCF segregation staff notified Health

Services that plaintiff had refused meals. On Monday March 7, 2005, defendant Metrish first learned that plaintiff was refusing meals because he could not receive a Kosher meal at KCF. Plaintiff was transferred to the Chippewa Correctional Facility (URF). After this incident the procedure was changed so that an inmate on an approved Kosher diet who requires a transfer from HTF to a segregation unit will not be transferred to KCF.

Defendant Metrish moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co.*

*v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that defendant Metrish, in her official capacity, violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1. Section 2000cc-1 states:

(a) General Rule

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

The Eleventh Amendment bars litigants from suing a state in federal court. When a suit for damages is brought against a state official in his official capacity, the case is one against the state and is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21 (1991). Such a suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 25 (*quoting Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, n.55 (1978)). *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As a result, the suit is no different from one naming the state itself. *Hafer*, 502 U.S. at 26 *(quoting Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, plaintiff is not entitled to damages against defendant Metrish under the RLUIPA. *Farnsworth v. Baxter*, 2007 WL 2793364, slip. op. (W.D. Tenn., Sept. 26, 2007). *See also Berryman v. Graholm*, 2007 WL 2259334 (E.D. Mich, Aug. 3, 2007) (denying claims under the RLUIPA involving the temporary removal of prisoners from the Kosher meal plan).

In *Berryman*, the court found that a temporary removal of prisoners' Kosher meals could not substantially burden the practice of Judaism. Further, the court held that no damages were allowable under the Act and the transfer of the prisoners to a new prison mooted all equitable claims. Similarly, in this case, plaintiff has been transferred to a new prison. Plaintiff's claims involving equitable relief should also be dismissed. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff has also asserted that his Eighth Amendment rights were violated by defendant Metrish because he was denied Kosher meals. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff was not denied meals. In fact, he refused the available meals because they were not Kosher. Defendant Metrish asserts that she was not personally involved in plaintiff's placement at KTF or the serving of meals to plaintiff while he was temporarily housed at KTF. In fact, as soon as defendant Metrish learned that plaintiff was refusing meals and the reason why he

was refusing meals, she immediately had plaintiff transferred to a facility which would accommodate his religious requirements and security classification. Under these circumstances, defendant Metrish could not have violated plaintiff's Eighth Amendment rights. It is further noted that plaintiff's assertion that discovery could somehow help him defeat defendant's motion summary judgment is, in the opinion of the undersigned, unfounded.

Accordingly, it is recommended that defendant's Motion Summary Judgment (Docket #22) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2007