UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD CARDINAL,

        Plaintiff,

v.                                        Case No. 2:06-cv-232
                                                HON. GORDON J. QUIST

LINDA METRISH,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

The Court has before it Plaintiff's Motion to Alter or Amend the Court's order entered on March 13, 2008, granting summary judgment in Defendant's favor. Because Plaintiff's allegations of error are without merit, the Court will deny Plaintiff's motion.

Plaintiff filed suit against Defendant, Linda Metrish, in her individual capacity for violations of the Eighth Amendment and in her official capacity for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. Plaintiff was confined at the Hiawatha Correctional Facility ("HTF") and was a participant in the Kosher meal program. On March 2, 2005, Plaintiff was issued several misconduct charges and was placed in temporary segregation. Because HTF inmates can only be housed in temporary segregation for eight hours, Plaintiff was placed in temporary segregation at Kinross Correctional Facility (KCF). KCF does not serve Kosher meals, and Plaintiff refused the non-Kosher meals provided to him. After Plaintiff refused meals for 72 hours, KCF segregation staff, pursuant to MDOC policy, notified Health Services on Saturday March 5, 2005, that Plaintiff was refusing meals. Metrish, the warden of HTF and KCF, first learned on Monday March 7, 2005, that Plaintiff was refusing non-Kosher meals and that Kosher meals were not available at KCF. On March 8, 2005, Plaintiff was transferred to Chippewa Correctional Facility where he could receive Kosher meals while placed in segregation.

The Court granted summary judgment in Defendant's favor on Plaintiff's RLUIPA claim because Plaintiff's claim for equitable relief was rendered moot upon his transfer from the prison where the incident occurred. The Court also denied Plaintiff's claim for monetary damages under the RLUIPA because the Court determined that the RLUIPA's waiver of sovereign immunity did not extend to monetary damages. The Court denied Plaintiff's Eighth Amendment claim because the Court determined that Defendant immediately transferred Plaintiff upon learning he was refusing meals because they were non-Kosher. As such, the Court ruled that Defendant did not violate the Eighth Amendment because she neither knew of nor disregarded an excessive risk to Plaintiff's health or safety. Therefore, the Court granted summary judgment in Defendant's favor on all claims. Citing several alleged errors in this Court's ruling, Plaintiff filed this motion to alter or amend the judgment in Defendant's favor.

Plaintiff's first allegation of error is that this Court improperly denied his claim for equitable relief as moot. Plaintiff argues that his claim for equitable relief is not moot because there is a chance that Plaintiff will return to HTF and once again be subject to the same conditions. However, the Sixth Circuit has repeatedly and consistently held that a prisoner's transfer to a new facility moots claims for equitable relief based on conditions at the prisoner's previous facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000); *Henderson v. Martin*, 73 F.App'x 115, 117 (6th Cir. 2003). Moreover, Plaintiff's bare allegation that he may one day return to HTH is insufficient because "such speculation simply does not constitute a reasonable showing that he will again be subjected to the conditions at [HTH]." *Howard*, 2000 WL 876770, at *2. Thus, Plaintiff's allegation of error fails with respect to his claim for equitable relief.

Next, Plaintiff argues that the Court should have construed his complaint as setting forth a First Amendment claim. First, the Court notes that Plaintiff did not identify a First Amendment

claim in his complaint, nor did he identify a First Amendment claim in his objections to the magistrate judge's report and recommendation, which did not identify, discuss, or analyze a First Amendment claim. If Plaintiff meant to bring a First Amendment claim, it is curious that he did not mention this fact in his objections given the absence of any First Amendment claim in the report and recommendation. However, even were the Court to analyze a First Amendment claim (given the less stringent standards applied to pro se litigants), summary judgment in Defendant's favor would still be proper. As the Court determined in its opinion granting summary judgment, Defendant did not become aware that Plaintiff was refusing meals until Monday March 7, 2005. Defendant submitted an affidavit stating that she did not become aware that Plaintiff was refusing meals until Monday March 7, 2007. Additionally, Defendant submitted an MDOC Log Book entry showing that Health Services was not notified of Plaintiff's refusal to eat until Saturday March 5, 2007, which was consistent with MDOC policy that Health Services be notified if a prisoner has refused meals for 72 hours. Thus, the evidence demonstrates that Health Services was notified of Plaintiffs refusal to eat on March 5, 2007, and Defendant was not made aware of the situation until March 7, 2007 – at which point she immediately ordered Plaintiff transferred to a facility that could provide Kosher meals while Plaintiff was in administrative segregation. Thus, Defendant remedied the situation and played no role in denying Plaintiff Kosher meals. Therefore, Defendant did not participate in any conduct that violated Plaintiff's First Amendment rights.

Whether the denial of Kosher meals prior to his transfer violated the First Amendment is irrelevant to Plaintiff's claim against Defendant because liability under § 1983 "must be based upon active constitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*

*v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). Plaintiff is unable to make this showing with respect to Defendant.

Plaintiff's final allegation of error is that this Court erred by evaluating the credibility of Defendant's affidavit and denying his request for discovery. For discovery, Plaintiff "must, at a minimum, be able to show that he could obtain information that would disclose material facts." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). Primarily, Defendant sought discovery of missing pages from the MDOC Log Book covering the time period before Health Services was notified of Plaintiff's refusal to eat. Plaintiff apparently hopes that these entries will somehow show that Defendant was aware of his refusal to eat prior to the order for his transfer on March 7, 2007. However, as noted above, there is ample evidence that Defendant did not become aware of Plaintiff's refusal to eat until March 7, 2007. Moreover, even if additional entries were made concerning Plaintiff's refusal to eat, it would not prove that Defendant was aware of those entries prior to the time stated in her affidavit. Additionally, Health Services was not notified, pursuant to MDOC policy, of Plaintiff's condition until March 5, 2007, and it would be highly unusual that Defendant, the warden, would have learned of Plaintiff's condition prior to Health Services. Thus, Plaintiff has not shown that additional discovery would disclose material facts. Therefore, his final allegation of error is without merit.

For the reasons listed above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (docket no. 36) is **DENIED**.

Dated:  April 24, 2008                               /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE